936 F.2d 572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helen J. BROWN, Melba Buckner, Jesse Clark, Norma Jean
Davis, Mary Hall, Donald Hance, Brenda Kennedy, Ross Knapp,
Maizelle Oz, Brenda Pugh, Lillie P. Richardson, Joe Shelton,
Joe Taylor, William Whited, individually and on behalf of
all others similarly situated, Plaintiffs-Appellees,
Albert Chapman, Bonnie Cunningham, Nancy Devaney, Charles
Devillier, Evelyn Hastings, Artel Inman, Freddie Lamaster,
Donnie Myers, Nancy Ryasko, Estel Tabor, individually and on
behalf of all others similarly situated, Intervening
Plaintiffs-Appellees,
v.
J.W. LUNA, in his official capacity as Commissioner,
Tennessee Department of Health and Environment, Robert
Grunow, in his official capacity as Commissioner, Tennessee
Department of Human Services, Defendants-Appellants,
Julia Birmingham, individually and in her official capacity
as Director of the Medical Evaluation Unit,
Department of Human Services, Defendant.
 No. 90-5723.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1991.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, a class of Medicaid applicants, initially brought suit against defendants, officials of the Tennessee Department of Health and Environment and the Tennessee Department of Human Services, for failure to meet the application processing deadlines of the Medicaid Act. The parties then entered into a consent decree; however, when defendants failed to meet the deadlines of the consent decree, plaintiffs brought this action charging defendants with contempt. The district court found defendants in contempt, and defendants now appeal the district court's finding.
 
 I.
 
 2
 Plaintiffs' complaint alleged that defendants violated 42 U.S.C. Sec. 1983 and Title XIX of the Social Security Act, 42 U.S.C. Secs. 1396 et seq. (the "Medicaid Act"), by failing to process Medicaid applications in a timely manner. The Medicaid Act provides federal subsidies to the State of Tennessee so that the state can finance medical assistance for indigent families with dependent children, and for blind, disabled, or elderly individuals. According to federal regulations promulgated under the Medicaid Act, the state Medicaid agency "must establish time standards for determining eligibility and inform the applicant of what they are." 42 C.F.R. Sec. 435.911(a) (1990). When this case was filed, regulations stated that such standards could "not exceed--(1) sixty days for applicants who apply for Medicaid on the basis of disability." 42 C.F.R. Sec. 435.911(a)(1) (1989).
 
 
 3
 On April 15, 1988, plaintiffs filed suit against defendants to compel them to make Medicaid eligibility determinations within sixty days. On August 30, 1988, plaintiffs and defendants resolved their initial dispute by entering into the court-approved consent decree. The relevant parts of the consent decree provide as follows:
 
 
 4
 12. DHS will make determinations of eligibility concerning applications for medical assistance on the basis of disability within 60 calendar days as required under 42 U.S.C. Sec. 1396a(a)(8) and (17) and 42 C.F.R. Secs. 435.911 and 435.930, except where delay is for "good cause" as provided by regulation and as used herein.
 
 
 5
 .............................................................
 
 
 6
 ...................
 
 
 7
 * * *
 
 
 8
 14. Disability-based medical assistance applications still pending on the sixty-first (61st) calendar day after the date of application shall be designated by DHS as delayed either with or without "good cause" as that term is defined by regulation and used herein. Such designation shall occur by the eightieth (80th) calendar day after the date of application, and at thirty (30) day intervals thereafter, until a determination of eligibility has been made.
 
 
 9
 .............................................................
 
 
 10
 ...................
 
 
 11
 * * *
 
 
 12
 By August of 1989, plaintiffs concluded that defendants had failed to meet the time deadlines imposed by the consent decree; therefore, plaintiffs filed a motion seeking to have defendants adjudged in civil contempt for violating the consent decree. However, on December 11, 1989, before the district court ruled on plaintiffs' motion, 42 C.F.R. Sec. 435.911(a)(1) was amended to allow state agencies a maximum of ninety days to make Medicaid eligibility determinations. 42 C.F.R. Sec. 435.911(a)(1) (1990). This change in federal law prompted defendants to move the district court to amend the consent decree to reflect the change in section 435.911(a)(1), and allow defendants ninety days to make the Medicaid eligibility determinations.
 
 
 13
 After a hearing on March 5, 1990, the court found defendants in contempt and directed defendants to file a proposed remedy. On April 26, 1990, the court granted defendants' motion to amend the consent decree, but affirmed its earlier finding of contempt. The district court then devised an elaborate sanctioning system based on both sixty- and ninety-day deadlines. Under this system, defendants are required to pay interim Medicaid benefits to applicants whose files are not processed within the court's deadlines unless defendants document good cause for failing to meet the deadlines.
 
 II.
 
 14
 The district court gave several reasons for holding defendants in contempt. The court first noted that defendants admitted to failing to make good cause determinations for cases pending more than sixty days. The court also found that defendants designated a substantial number of cases as delayed for good cause without proper documentation, failed to make eligibility decisions in compliance with the consent order prior to May 1989, and failed to substantially comply with the consent order from May 1989 to December 1989. For these reasons, the district court found defendants in contempt. Defendants maintain that the district court's finding of contempt was premised upon several errors including reliance upon past noncompliance that had been purged by the time of the court's ruling, and reliance upon the outdated sixty-day deadline rather than the new ninety-day deadline.
 
 
 15
 Since the district court appeared to rely upon the sixty-day deadline in finding defendants in contempt, we must remand this case to the district court. The purpose of civil contempt is to assure compliance with orders and regulations in the future, not to punish for failure to comply in the past. See In re Jaques, 761 F.2d 302, 305-06 (6th Cir.) (1985), cert. denied, 475 U.S. 1044 (1986). Although the consent decree initially required defendants to comply with the sixty-day deadline, the district court granted defendants' motion to amend the consent decree to reflect changes in federal law, and allow defendants ninety days to make eligibility determinations. Once the district court decided to grant the amendment, the court should have focused upon the ninety-day deadline to determine whether contempt findings were needed to assure future compliance. By relying upon the sixty-day deadline, the district court punished defendants for past wrongs. Upon remand, the district court must determine whether defendants are complying with the ninety-day deadline. If they are not, the court must determine what sanctions or modifications are required to bring defendants into compliance with the ninety-day deadline.
 
 III.
 
 16
 For the reasons stated above, we reverse and remand this case to the district court for further proceedings in conformity with this opinion.
 
 
 
 *
 The Honorable Wendell A. Miles, United States Senior District Judge for the Western District of Michigan, sitting by designation